**Exhibit B**

IN THE CIRCUIT COURT OF PHELPS COUNTY MISSOURI

FILED

SEP 28 2026

MARLAINA WALLACE
CIRCUIT CLERK
PHELPS COUNTY, MO

DANIEL CARTER,

Plaintiff,

v.

LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.,

Defendant(s),

Case No. 26PH-CV01738

COMPLAINT

Plaintiff Daniel Carter ("Plaintiff"), appearing pro se, for his Petition against Defendant Love's Travel Stops & Country Stores, Inc. ("Love's" or "Defendant"), states as follows:

**I. PARTIES**

1. Plaintiff Daniel Carter is an individual who resides in the State of Wisconsin.
2. Plaintiff was engaged in commercial trucking operations during the events described in this Petition and operated those activities through Bozoom Logistics LLC.
3. Plaintiff does not presently name Bozoom Logistics LLC as a party. Plaintiff does not seek, in his individual capacity, damages belonging exclusively to Bozoom Logistics LLC.
4. Defendant Love's Travel Stops & Country Stores, Inc. is a corporation that operates and conducts business in Missouri, including through Love's Travel Stop #341 in Rolla, Missouri.
5. Love's Travel Stop #341 is located at or near 3500 Hy Point Industrial Park Drive, Rolla, Missouri.

6. The individual employees and agents involved in the events described herein are identified only as factual actors whose conduct is relevant to Defendant's liability. Plaintiff does not presently name those individuals as separate defendants.

## II. JURISDICTION AND VENUE

7. This action arises from events that occurred in Missouri and from services Defendant undertook to perform in Missouri.
8. Defendant conducts business in Missouri and operated the facility involved in the events alleged herein.
9. The causes of action alleged herein arise from Defendant's conduct and services at its Rolla, Missouri facility.
10. Venue is proper in Phelps County because the conduct giving rise to the claims occurred in Phelps County, Missouri.
11. Plaintiff previously filed a federal action concerning the events alleged herein, styled Carter v. Love's Travel Stops & Country Stores, Inc., et al., Case No. 4:24-cv-00242-SEP, in the United States District Court for the Eastern District of Missouri.
12. On August 31, 2026, the federal court dismissed that action without prejudice.
13. The federal dismissal did not adjudicate the merits of the factual allegations asserted in this Petition.
14. Plaintiff brings this action promptly following the federal dismissal and expressly preserves any applicable tolling, savings, or other provisions affecting the limitations periods.
15. To the extent applicable, Plaintiff relies upon 28 U.S.C. § 1367(d), which provides for tolling of qualifying state-law claims while pending in federal court and for at least thirty days following dismissal. See 28 U.S.C. § 1367(d); Artis v. District of Columbia, 583 U.S. 71 (2018).
16. Plaintiff does not concede that any claim asserted herein is barred by limitations and reserves all arguments concerning accrual, tolling, savings provisions, and the effect of the prior federal action.

## III. FACTUAL BACKGROUND

17. In December 2022, Plaintiff was traveling through Missouri with his family while operating a 2018 Peterbilt 579 tractor and Stoughton dry-van trailer in connection with his commercial transportation activities.
18. The Peterbilt tractor was identified by VIN 1XPBDP9X6JD449164.
19. The Stoughton trailer was identified by VIN 1DW1A5321C5314402.
20. Plaintiff's commercial transportation activities were conducted through Bozoom Logistics LLC.
21. On or about December 2022, the tractor experienced a starting problem in the Rolla area after Plaintiff stopped at a QuikTrip.
22. Plaintiff contacted Love's Travel Stop #341 to obtain mechanical assistance.
23. Love's undertook to diagnose and repair the tractor.
24. Love's generated work order No. 341068492 in connection with the repair.
25. The repair involved replacement of the tractor's starter and related work.
26. The repair process continued for several days.
27. During this period, Plaintiff and his family were required to remain in the area while the tractor was unavailable.
28. Plaintiff and his family slept in a rental vehicle during portions of this period.
29. After being informed that Love's could not obtain the necessary starter, Plaintiff traveled approximately 100 miles in winter weather to obtain the starter from a Peterbilt facility in Springfield, Missouri.
30. Love's subsequently attempted additional work concerning the tractor.
31. Weather conditions interfered with the work, and the tractor was subsequently towed to Love's facility.
32. On or about December 25, 2022, Love's represented that the starter had been replaced and that the repair had been completed.
33. Plaintiff paid Love's approximately $1,274.42 for the repair services.
34. After the repair, the tractor would start but would not properly engage into drive or reverse.

35. Plaintiff had not experienced the inability to engage the tractor into gear before the Love's repair.
36. Plaintiff thereafter sought to have the problem addressed.
37. Love's contacted law enforcement during the events surrounding the dispute.
38. Plaintiff alleges that Love's personnel caused or requested the involvement of a towing company in connection with the tractor and trailer.
39. Plaintiff did not voluntarily abandon, surrender, or relinquish the tractor or trailer.
40. The tractor and trailer were subsequently taken to an impound facility.
41. The truck impound record identifies call No. 158713 and stock No. 13120379 and reflects an impound date of December 25, 2022.
42. The trailer impound record identifies call No. 158715 and stock No. 13120412 and likewise reflects an impound date of December 25, 2022.
43. The truck and trailer remained unavailable to Plaintiff for a substantial period following the incident.
44. Plaintiff subsequently obtained further mechanical examination and repair services.
45. JX Repair Order No. 105192 documented a complaint that the transmission would not go into gear.
46. The JX repair records documented that the unit was not receiving necessary power and that a ground wire associated with the starter was not connected.
47. After the ground wire was connected, the tractor started and operated.
48. The repair records further document that the tractor subsequently went into gear and moved.
49. Plaintiff alleges that the failure to properly connect the ground wire, or other improper completion of the repair, caused or materially contributed to the condition that prevented the tractor from operating properly after Love's represented that its repair had been completed.
50. The subsequent repair records are evidence relevant to whether Love's properly performed and completed the repair.
51. Plaintiff also communicated with C.H. Robinson concerning an existing commercial transportation load affected by the incident.

52. C.H. Robinson Load Confirmation No. 420974923 identifies Bozoom Logistics LLC in connection with the transportation transaction and reflects a load involving Metrex Research and PLSI Dental DC 588 in Fort Worth, Texas.

53. The load confirmation reflects a stated transportation rate of approximately $2,644, including a fuel surcharge.

54. Because the tractor and trailer were unavailable, Plaintiff communicated with C.H. Robinson concerning the affected load, freight, release, and arrangements for the transportation to be completed.

55. Plaintiff took reasonable steps to mitigate the consequences of the equipment becoming unavailable.

56. Plaintiff does not seek to recover the entire $2,644 load amount as his personal lost income merely because Bozoom Logistics LLC was involved in the transaction.

57. Plaintiff relies upon the load documentation as evidence of the commercial use of the equipment, the existence of an affected transportation transaction, and the consequences of the equipment becoming unavailable.

## IV. LOSS OF USE AND ECONOMIC CONSEQUENCES

58. Plaintiff incorporates paragraphs 1 through 57 as though fully set forth herein.

59. At the time of the incident, Plaintiff was engaged in an established commercial trucking operation.

60. The tractor and trailer were being used in connection with that commercial activity.

61. The loss of use of the tractor and trailer materially interfered with Plaintiff's ability to perform commercial transportation work.

62. Plaintiff was required to deal with the consequences of the disabled equipment, including towing, impoundment, repair, transportation, communication with brokers and customers, and other related matters.

63. Plaintiff incurred personal expenses and financial consequences arising from the incident.

64. Plaintiff will rely upon documentary records to establish which expenses and losses were personally incurred by him.

65. Plaintiff further alleges that the loss of use interfered with his ability to perform and continue his commercial transportation work.
66. Plaintiff's 2021 and 2022 business records provide historical evidence concerning the commercial trucking operation and its revenues and expenses.
67. Plaintiff's 2022 business records reflect gross receipts of approximately $166,994 and total reported expenses of approximately $156,497.
68. Plaintiff does not allege that the $166,994 gross-receipts figure represents his personal lost income.
69. Plaintiff instead seeks only those economic damages legally recoverable by him individually and established by competent evidence.
70. To the extent Missouri law permits recovery for personally suffered loss of use, consequential economic loss, or lost profits, Plaintiff will establish the fact and amount of such loss through the best available evidence.
71. Plaintiff recognizes that Missouri law requires the fact of lost-profit damages to be established with reasonable certainty and requires an adequate basis for estimating the amount of net profits. See Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc., 155 S.W.3d 50, 54–55 (Mo. banc 2005); Gateway Foam Insulators, Inc. v. Jokerst Paving & Contracting, Inc., 279 S.W.3d 179, 185–87 (Mo. banc 2009).
72. Plaintiff will not seek duplicative recovery and will distinguish between personal losses and losses belonging exclusively to Bozoom Logistics LLC.
73. Plaintiff further alleges that the commercial records are relevant to demonstrating the nature and consequences of the interruption, even where a particular business loss may belong to the LLC rather than Plaintiff individually.

## V. ASSAULT AND BATTERY

74. Plaintiff incorporates paragraphs 1 through 73 as though fully set forth herein.
75. During the confrontation at Love's, a Love's employee or agent acted aggressively toward Plaintiff.
76. The employee or agent attempted to take Plaintiff's cellular telephone.
77. During the confrontation, the employee or agent spit toward Plaintiff.

78. The employee or agent's saliva contacted Plaintiff's forehead.
79. Plaintiff did not consent to the physical contact.
80. The conduct was intentional or occurred under circumstances in which the employee or agent knew or should have known that offensive physical contact could result.
81. Plaintiff experienced humiliation, distress, and other personal consequences as a result of the conduct.
82. Plaintiff alleges that the employee or agent was acting in connection with Love's business operations at the time of the incident.
83. Plaintiff further alleges that Defendant is legally responsible for conduct attributable to its employee or agent under applicable Missouri law.
84. Plaintiff seeks only damages personally suffered by him as a result of the alleged assault and battery.

## VI. RACIAL AND DISCRIMINATORY CONDUCT

85. Plaintiff incorporates paragraphs 1 through 84 as though fully set forth herein.
86. During the events at Love's, Plaintiff was subjected to statements and conduct that he understood to be racially discriminatory.
87. On or about December 22, 2022, an employee or agent of Love's stated words to the effect that if Plaintiff did not like what Love's was doing, he could "go back to where you come from," because "this is how we do it around here for people like you."
88. During the later confrontation, Plaintiff alleges that a Love's employee or agent stated "white power" on at least two occasions.
89. Plaintiff alleges that these statements were directed toward him during the dispute concerning the treatment and repair of his commercial vehicle.
90. Plaintiff alleges that the statements form part of the circumstances surrounding the treatment he received at the Love's facility and are relevant to the nature and circumstances of the conduct alleged herein.
91. Plaintiff is not presently asserting a separate Missouri Human Rights Act count.
92. Plaintiff also does not rely upon this Petition as a substitute for any administrative exhaustion requirement that may apply to a statutory discrimination claim.

93. Plaintiff preserves the factual allegations concerning the racial statements and conduct as evidence relevant to the claims and damages otherwise legally available to him.

## VII. NEGLIGENCE

94. Plaintiff incorporates paragraphs 1 through 93 as though fully set forth herein.
95. Defendant undertook to provide mechanical repair services concerning Plaintiff's tractor.
96. Having undertaken those services, Defendant owed duties to exercise reasonable care in diagnosing, repairing, testing, and returning the tractor in a reasonably operable condition.
97. Defendant breached its duties by, among other things:

a. failing to properly perform the repair;

b. failing to properly connect or reconnect necessary components;

c. failing to properly inspect and test the tractor after the repair;

d. representing that the repair had been completed when the tractor remained unable to properly engage into gear;

e. failing to exercise reasonable care in diagnosing the mechanical problem;

f. failing to exercise reasonable care in performing the repair; and

g. failing to exercise reasonable care under the circumstances.

98. The subsequent JX repair records documented a disconnected ground wire associated with the starter and documented that the tractor operated after the connection was restored.
99. Plaintiff alleges that the condition documented by JX was caused by, or materially related to, the manner in which the repair had previously been performed.
100. As a direct and proximate result of Defendant's negligence, Plaintiff incurred personally recoverable damages and expenses.

101. Plaintiff further suffered personal consequences arising from the loss of use and disruption caused by the condition of the tractor.

102. Plaintiff seeks only damages legally recoverable by him individually.

## VIII. BREACH OF CONTRACT / REPAIR AGREEMENT

103. Plaintiff incorporates paragraphs 1 through 102 as though fully set forth herein.

104. Defendant entered into an agreement with Plaintiff concerning mechanical repair services for the tractor.

105. Plaintiff performed his obligations under the agreement, including payment of approximately $1,274.42 for the repair services.

106. Defendant undertook to repair the tractor and represented that the repair had been completed.

107. Following the repair, the tractor remained unable to properly engage into drive or reverse.

108. Subsequent repair records documented an improperly disconnected ground wire associated with the starter and documented that the tractor operated after the wire was connected.

109. Plaintiff alleges that Defendant failed to perform the repair in accordance with the agreement and the reasonable requirements of the repair undertaking.

110. As a direct and proximate result of Defendant's failure to properly perform the repair, Plaintiff incurred personally recoverable damages.

111. Plaintiff further alleges consequential losses to the extent Missouri law permits such recovery and the losses are established by competent evidence.

112. Plaintiff does not seek to recover damages belonging exclusively to Bozoom Logistics LLC under this individual claim.

## IX. TORTIOUS CONDUCT AND CONSEQUENTIAL DAMAGES

113. Plaintiff incorporates paragraphs 1 through 112 as though fully set forth herein.

114. Defendant's conduct concerning the repair caused the tractor to remain unavailable and contributed to the subsequent towing, impoundment, repair, and disruption described herein.

115. Plaintiff incurred expenses and personally suffered consequences associated with the incident.

116. Plaintiff seeks recovery of those losses that Missouri law permits an individual plaintiff to recover and that Plaintiff can establish through competent evidence.

117. Plaintiff will distinguish between:

a. amounts personally paid by Plaintiff;

b. expenses personally incurred by Plaintiff;

c. personal non-economic damages;

d. losses directly suffered by Plaintiff; and

e. losses belonging exclusively to Bozoom Logistics LLC.

118. Plaintiff does not seek a duplicative award.

## X. PERSONAL PROPERTY AND EQUIPMENT CONSEQUENCES

119. Plaintiff incorporates paragraphs 1 through 118 as though fully set forth herein.

120. The Peterbilt tractor involved in the incident was subsequently subjected to prolonged loss of use, towing, impoundment, repair, and related consequences.

121. Plaintiff possesses records identifying the tractor, including the VIN and subsequent disposition records.

122. The vehicle was later subject to a bill of sale reflecting a stated vehicle value of approximately $53,490.57 and a corresponding payoff amount.

123. Plaintiff does not presently plead the $53,490.57 figure as a standalone personal property-damage claim.

124. Plaintiff alleges the amount only as evidence concerning the vehicle, its financial status, and the consequences of the events.

125. Plaintiff will seek only the actual property or economic loss that he personally suffered and that is legally recoverable under Missouri law.

126. Likewise, Plaintiff does not plead the entire approximate $25,000 value of the trailer as a personal loss without competent evidence establishing that Plaintiff personally suffered such loss.

## XI. MITIGATION

127. Plaintiff incorporates paragraphs 1 through 126 as though fully set forth herein.
128. Plaintiff made reasonable efforts to mitigate the consequences of Defendant's conduct.
129. Plaintiff sought replacement parts, communicated with Defendant, communicated with the freight broker, addressed the impoundment, arranged for subsequent repair, and participated in arrangements concerning the affected freight.
130. Plaintiff also sought to preserve his ability to continue commercial transportation operations.
131. Plaintiff reserves the right to present evidence concerning his mitigation efforts and expenses.

## XII. DAMAGES

132. Plaintiff incorporates paragraphs 1 through 131 as though fully set forth herein.
133. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including, to the extent established by competent evidence and permitted by law:

a. approximately $1,274.42 personally paid for the Love's repair;

b. personally incurred towing, storage, transportation, lodging, and related expenses;

c. personally incurred expenses associated with the loss of use of the tractor and trailer;

d. other personally incurred consequential economic losses;

e. personal loss of use and interruption of Plaintiff's commercial transportation activities to the extent legally recoverable;

f. physical consequences, if any, legally attributable to the alleged assault and battery;

g. emotional distress, humiliation, and other non-economic damages arising from the alleged assault and battery;

h. damages otherwise legally recoverable under the contract and tort claims asserted herein; and

i. costs and other relief authorized by law.

134. Plaintiff does not presently seek to recover Bozoom Logistics LLC's gross receipts as personal lost income.
135. Plaintiff does not presently seek to recover business losses belonging exclusively to Bozoom Logistics LLC.
136. Plaintiff reserves the right to establish the amount of his personal economic damages through payment records, invoices, tax records, business records, repair records, towing and impound records, load documentation, communications, and other competent evidence.
137. Plaintiff further reserves the right to amend the Petition as permitted by the Missouri Rules of Civil Procedure if discovery establishes additional damages legally belonging to Plaintiff.

## XIII. PUNITIVE DAMAGES

138. Plaintiff does not presently plead a claim for punitive damages in this initial Petition.
139. Plaintiff expressly reserves any right available under Missouri law to seek leave of court to amend his pleadings to assert punitive damages if discovery or other competent evidence establishes a legally sufficient basis for such relief.
140. Plaintiff recognizes that Missouri Revised Statute § 510.261 governs the procedure and evidentiary requirements for a later punitive-damage claim.

## XIV. PRIOR FEDERAL ACTION AND PRESERVATION OF RIGHTS

141. Plaintiff incorporates paragraphs 1 through 140 as though fully set forth herein.
142. Plaintiff previously pursued related claims in federal court.
143. The federal action was dismissed without prejudice on August 31, 2026.

144. The federal dismissal did not constitute an adjudication on the merits of the claims asserted herein.
145. Plaintiff files this Petition promptly following the dismissal.
146. Plaintiff invokes and preserves any applicable federal or Missouri tolling, savings, accrual, or refiling provisions.
147. Plaintiff specifically preserves his position that 28 U.S.C. § 1367(d) applies to any qualifying state-law claim that was asserted under the federal court's supplemental jurisdiction.
148. Plaintiff further preserves all arguments concerning the effect of the prior federal action on applicable Missouri statutes of limitation.

**XV. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Daniel Carter respectfully requests that the Court enter judgment in his favor and against Defendant Love's Travel Stops & Country Stores, Inc., and award:

A. Compensatory damages in an amount established by competent evidence;

B. Approximately $1,274.42, or the amount actually proven, for personally paid repair expenses;

C. Personally incurred towing, storage, transportation, lodging, and related expenses;

D. Personally recoverable damages arising from loss of use and interruption of Plaintiff's commercial transportation activities;

E. Personally recoverable consequential economic damages established with reasonable certainty;

F. Damages for assault and battery, including all legally recoverable personal and non-economic damages;

G. Prejudgment interest to the extent permitted by Missouri law;

H. Post-judgment interest as permitted by law;

I. Costs of this action;

J. Such other relief as the Court determines Plaintiff is entitled to receive under Missouri law; and

K. Such other and further relief as the Court deems just and proper.

Plaintiff expressly does not seek, in his individual capacity, damages belonging exclusively to Bozoom Logistics LLC and does not seek duplicative recovery.

Respectfully submitted,

Dated: September 15, 2026.

DANIEL CARTER
Plaintiff, Pro Se

Address: P.O. Box 242183
Milwaukee, WI 53224
Phone: (414) 399-7613
Email: danielallthetime@gmail.com